**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 17, 2014, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: March 17, 2014**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-14494 |
| | ) | |
| LUANN MITCHELL, | ) | |
|     Debtor. | ) | Chapter 7 Proceedings |
| _____ | ) | |
| | ) | |
| LUANN MITCHELL, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 13-1227 |
| | ) | |
| v. | ) | |
| | ) | |
| SUPREME COURT OF OHIO, | ) | Judge Arthur I. Harris |
|     Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION[1]

This adversary proceeding is currently before the Court on the Joint

Stipulations of Fact (Docket No. 12) between the plaintiff-debtor and defendant

Supreme Court of Ohio, the debtor's Motion for Summary Judgment

_____

[1]This opinion is not intended for official publication.

(Docket No. 13), defendant Supreme Court of Ohio's Memorandum in Opposition

(Docket No. 14), and the plaintiff-debtor's Reply.  Docket No. 15.  The debtor, an

attorney suspended from practice in the state of Ohio, seeks a determination that

costs assessed against her in connection with Ohio's attorney disciplinary

proceedings are dischargeable.  For the following reasons, the Court finds that

costs assessed in connection with Ohio's attorney disciplinary proceedings are

nondischargeable pursuant to 11 U.S.C § 523(a)(7).

## JURISDICTION

The Court has jurisdiction over this action.  11 U.S.C. § 1334(b).  An action

seeking a determination as to the dischargeability of a particular debt is a core

proceeding under 28 U.S.C. § 157(b)(2)(I), which falls within the jurisdiction

granted to this Court pursuant to Local General Order No. 2012-7, dated

April 4, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed.  In 1983,

Luann Mitchell (the "debtor") was admitted to practice law in the state of Ohio.

Joint Stipulations of Fact, Docket No. 12, at 1.  In 2006, the Cleveland Bar

Association filed a complaint alleging the debtor violated the Ohio Code of

Professional Responsibility and the registration requirements of Gov. Bar. R. VI.

2

*Cleveland Bar Ass'n v. Mitchell*, 118 Ohio St. 3d 98, 886 N.E.2d 222, 223 (2008).

The debtor's case was heard by the Ohio Board of Commissioners on Grievances & Discipline (the "disciplinary board"). 886 N.E.2d at 223. A panel of the disciplinary board heard the case. *Id.* The panel determined that the debtor committed misconduct and recommended the debtor's suspension from the practice of law in Ohio for a period of eighteen months, with twelve months stayed on conditions. *Id.* "The [disciplinary] board adopted the panel's findings and recommended sanction, adding as conditions of the stay that [the debtor] comply with an underlying court order to pay sanctions and also properly register as an attorney." *Id.* The debtor objected to the disciplinary board's findings and recommended sanctions, but the Supreme Court of Ohio found that her objections lacked merit. *Id.*

On April 23, 2008, the Supreme Court of Ohio adopted the disciplinary board's findings and suspended the debtor from the practice of law in Ohio for eighteen months, with twelve months stayed on conditions. The Supreme Court of Ohio found that the debtor engaged in a pattern of deceptive conduct that "violated DR 1-102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (prohibiting conduct that is prejudicial to the administration of justice), and (6) (prohibiting other conduct that adversely reflects

3

on the lawyer's fitness to practice law)." *Id.* at 227. The Supreme Court of Ohio

also found that

> [the debtor] tried to conceal [deceptive conduct] . . . through
> illegitimate lawsuits and falsified evidence in violation of
> DR 7–102(A)(1) (prohibiting a lawyer from taking legal action that
> the lawyer knows or should know will serve merely to harass or
> maliciously injure another), (2) (prohibiting a lawyer from knowingly
> advancing a claim or defense that is unwarranted under existing law
> and not supported by good-faith argument for an extension,
> modification, or reversal of existing law), (4) (prohibiting a lawyer
> from knowingly using false evidence), (5) (prohibiting a lawyer from
> knowingly making a false statement of law or fact), and (6)
> (prohibiting a lawyer from knowingly creating or preserving false
> evidence).

*Id.*

The Supreme Court of Ohio sanctioned the debtor for misconduct. *Id.*

at 227-28. The Supreme Court of Ohio weighed the debtor's misconduct against

aggravating and mitigating factors. *Id.* at 228. Accordingly, the Supreme Court of

Ohio suspended the debtor from the practice of law in Ohio for eighteen months,

staying twelve months on conditions. *Id.* The conditions included that the debtor

commit no further misconduct, complete continuing legal education and a term of

probation, register her address, and pay probate court sanctions. *Id.* at 228-29.

The Supreme Court of Ohio also ordered the debtor to pay the costs, including

attorney's fees, associated with the disciplinary proceedings, totaling $12,085.33

4

plus interest at 10% per annum.  *Id.* at 229; Joint Stipulations of Fact,

Docket No. 12, at 1.

Over five years later, on June 24, 2013, the debtor, acting *pro se*, filed a

Voluntary Petition (Case No. 13-14494, Docket No. 1, at 1) for relief under

Chapter 7 of the Bankruptcy Code.  On schedule F, the debtor listed "Ohio

Supreme Court" as a creditor holding an unsecured, nonpriority claim in the

amount of $16,300.  *Id.* at 19.  The debtor submitted that the underlying debt arose

in 2008 for "attorney fees and costs."  *Id.*

On September 25, 2013, counsel for the Supreme Court of Ohio informed

the debtor that the Supreme Court of Ohio believed "the [disciplinary] board and

publication costs assessed in [the debtor's disciplinary proceedings] . . . are a

penalty owed to a governmental entity and are not subject to discharge pursuant to

11 U.S.C. § 523(a)(7)."  Joint Stipulations of Fact, Docket No. 12, at 11.  Five

days later, on September 30, 2013, the *pro se* debtor filed this adversary

proceeding against Ohio Attorney General Mike DeWine, not the Supreme Court

of Ohio.  Meanwhile, on October 2, 2013, the Court granted the *pro se* debtor a

Chapter 7 discharge in her main bankruptcy case.  Case No. 13-14494,

Docket No. 44, at 2.

On November 18, 2013, the debtor obtained counsel who filed a notice of

5

appearance in this case. Docket No. 6. The same day, the Court held a pretrial conference. At the pretrial conference, debtor's counsel and counsel for the Supreme Court of Ohio stipulated that the debtor could substitute the Supreme Court of Ohio in place of Ohio Attorney General Mike DeWine. Debtor's counsel and counsel for the Supreme Court of Ohio requested that the Court decide this case on joint stipulations of fact and the parties' legal briefs. The Court issued a briefing schedule (Docket No. 9) containing deadlines for joint stipulations of fact and the parties' legal briefs.

On December 17, 2013, the parties filed joint stipulations of fact. Docket No. 12. On January 13, 2014, debtor's counsel timely submitted a filing; however, debtor's counsel styled the filing as a motion for summary judgment and memorandum in support, not a brief. Docket No. 13. The Court declines to consider the debtor's motion for summary judgment because the parties agreed to submit this case on joint stipulations of fact and the parties' legal briefs. Accordingly, in order to secure the just, speedy, and inexpensive determination of this matter, the Court will construe the parties' filings as legal briefs.

DISCUSSION

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*,

6

549 U.S. 365, 367, 127 S. Ct. 1105 (2007) (citations and internal quotation marks omitted). Section 727(a) of the Bankruptcy Code provides that in an individual's Chapter 7 case, subject to limitations not applicable here, "[t]he court shall grant the debtor a discharge . . . ;" however, some debts survive discharge. 11 U.S.C. § 727(b). Section 523(a)(7) provides that a Chapter 7 discharge "does not discharge an individual debtor from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." 11 U.S.C. § 523(a)(7).

In this case, the debtor asks the Court to determine the dischargeability of a debt owed to the Supreme Court of Ohio for costs assessed in connection with Ohio's attorney disciplinary proceedings. *See* Fed. R. Bankr. P. 4007(a) ("A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."); *Mitchell*, 886 N.E.2d 222. The debtor timely sought this determination. *See* Fed. R. Bankr. P. 4007(b) ("A complaint other than under § 523(c) may be filed at any time.").

"In order to except a debt from discharge, a creditor must prove each . . . element[] by a preponderance of the evidence." *Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998) (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654 (1991)). "On its face, [§ 523(a)(7)]

7

creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures.  Congress included two qualifying phrases; the fines must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.' " *Kelly v. Robinson*, 479 U.S. 36, 51, 107 S. Ct. 353 (1986) (emphasis added).  "Further, exceptions to discharge are to be strictly construed against the creditor." *Rembert*, 141 F.3d at 281.

Tasked with strictly construing a broad exception, the Court holds that discretionary cost assessments taxed to the debtor in connection with Ohio's attorney disciplinary proceedings are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).  "To fall within the provisions of [§ 523(a)(7)], a debt must satisfy three requirements: (1) it must be 'for a fine, penalty, or forfeiture'; (2) it must be 'payable to and for the benefit of a governmental unit'; and (3) it must not be 'compensation for actual pecuniary loss.' " *Tennessee v. Hollis* (*In re Hollis*), 810 F.2d 106 (6th Cir. 1987) (citing *Kelly*, 479 U.S. at 51).  In this case, the parties stipulated that the disciplinary board and the Supreme Court of Ohio are governmental units.  The debtor does not dispute that the debt to the Supreme Court of Ohio is "payable to and for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7).  The debtor does dispute that the debt is "for a fine, penalty, or forfeiture" and is not "compensation for actual pecuniary loss."

8

A.     *"Fine, Penalty, or Forfeiture"*

A discretionary cost assessment in an Ohio attorney disciplinary proceeding is a debt "for a fine, penalty, or forfeiture" under § 523(a)(7).  "Although the issue of whether a debt is a fine, penalty or forfeiture under § 523(a)(7) is a question of federal law, bankruptcy courts look to state law to determine whether the debt at issue possesses these attributes."  *Colorado v. Jensen* (*In re Jensen*), 395 B.R. 472, 481 (Bankr. D. Colo. 2008) (citing *In re Hickman*, 260 F.3d 400, 405 (5th Cir. 2001)) (internal quotations omitted).  *See also Searcy v. Ada Cnty. Prosecuting Attorney's Office* (*In re Searcy*), 463 B.R. 888, 892 (B.A.P. 9th Cir. 2012).  Accordingly, the Court considers the nature of a cost assessment in an Ohio attorney disciplinary proceeding.

1.     *Cost Assessments in Ohio's Attorney Disciplinary Proceedings*

A cost assessment in an Ohio attorney disciplinary proceeding is penal in nature and serves to protect the public.  The Ohio Constitution provides, "The Supreme Court shall have original jurisdiction in . . . [a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law."  Ohio Const. art. IV § 2(B)(1).  The Supreme Court of Ohio prescribes rules governing the practice of law and attorney discipline in Ohio.  *See* Ohio Const. art. IV § 5(B).  The Supreme Court of Ohio created the disciplinary

9

board to aid the court in administering attorney discipline.

*See* Ohio Gov. Bar. R. V. sections 1-2.  The purpose of an Ohio attorney disciplinary proceeding is "to investigate the conduct and fitness of one of its officers.  These proceedings . . . are instituted to safeguard the courts and to protect the public from the misconduct of those who are licensed to practice law." *Ohio State Bar Ass'n v. Weaver*, 322 N.E.2d 665, 667 (Ohio 1975).

The Supreme Court of Ohio has discretion to assess costs in connection with an attorney's disciplinary proceeding.  Ohio Gov. Bar. R. V section 8(D) ("The order may provide for reimbursement of costs and expenses incurred by the [disciplinary board] or panels.").  If the Supreme Court of Ohio decides to assess costs, it assesses costs in an attorney's disciplinary order.  *Id.*  In *Ohio State Bar Ass'n v. Dalton*, 124 Ohio St. 3d 514, 924 N.E.2d 821 (2010), the Supreme Court of Ohio indicated that the assessment of costs in an Ohio attorney disciplinary proceeding constitutes a penal monetary sanction. 924 N.E.2d at 824 ("following the reasoning that monetary sanctions imposed in an attorney-discipline case are penal, courts have reasoned that such sanctions constitute a fine, penalty, or forfeiture . . . [and] are not discharged in bankruptcy.  We find this reasoning applicable herein even though this case involves the unauthorized practice of law." (citing *In re Bertsche*, 261 B.R. 436 (Bankr. S.D. Ohio 2000)) (citation omitted)).

10

Furthermore, in the debtor's case, the Supreme Court of Ohio assessed costs in a standalone paragraph grouped with other penal measures under the subheading "Sanctions." *Mitchell*, 886 N.E.2d at 227-29.

2. *Lower Courts' Reliance on Kelly v. Robinson*

The First, Ninth, and Eleventh Circuit Courts of Appeals hold that discretionary cost assessments in state bar attorney disciplinary proceedings are nondischargeable pursuant to § 523(a)(7) and the U.S. Supreme Court's decision in *Kelly v. Robinson*. *Disciplinary Bd. of the Supreme Court of Pa. v. Feingold* (*In re Feingold*), 730 F.3d 1268, 1273-75 (11th Cir. 2013); *State Bar of Cal. v. Findley* (*In re Findley*), 593 F.3d 1048, 1050 (9th Cir. 2010); *Richmond v. N.H. Supreme Court Comm. on Prof'l Conduct*, 542 F.3d 913, 918 (1st Cir. 2008). Additionally, several district courts and numerous bankruptcy courts, including an Ohio bankruptcy court interpreting Ohio law, hold that discretionary cost assessments in state bar attorney disciplinary proceedings are nondischargeable. *Love v. Scott* (*In re Love*), 442 B.R. 868, 874 n.4 (Bankr. M.D. Tenn. 2011) (collecting cases but holding that cost assessments in Tennessee's attorney disciplinary proceedings are dischargeable); *In re Bertsche*, 261 B.R. 436, 438 (Bankr. S.D. Ohio 2000) ("[T]he costs of an Ohio disciplinary proceeding are nondischargeable pursuant to § 523(a)(7).").

11

The U.S. Supreme Court's decision in *Kelly* held that restitution orders imposed in state criminal proceedings are nondischargeable pursuant to 11 U.S.C. § 523(a)(7). 479 U.S. at 53. The *Kelly* court stated that § 523(a)(7) "creates a broad exception for all penal sanctions . . . ." *Id.* at 51. The *Kelly* court looked to the primary goals of the state judicial proceeding which imposed the monetary sanction. *See id.* at 52. In *Kelly*, a state court imposed the restitution order in a criminal proceeding. *Id.* The *Kelly* court found that the criminal justice system serves the primary goal of benefitting society as a whole. *Id.* at 50. Accordingly, the *Kelly* court held "that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.*

"The rationale of *Kelly* extends to cost assessments arising out of attorney disciplinary proceedings." *Feingold*, 730 F.3d at 1274. "[A]lthough attorney disciplinary proceedings are not criminal in nature, the two types of proceedings share some common goals." *Id.* The primary purpose of Ohio's attorney disciplinary proceedings is to protect the public. *Weaver*, 322 N.E.2d at 667. Sanctions, including "monetary sanctions[,] imposed in an [Ohio] attorney-discipline case are penal . . . ." *Dalton*, 924 N.E.2d at 823. Furthermore, the Supreme Court of Ohio labeled the costs assessed in the debtor's case a "sanction." *Mitchell*, 886 N.E.2d at 227-29.

12

The fact that the Supreme Court of Ohio has discretion to make a cost assessment "further suggests that such assessments should be viewed as penalties." *Feingold*, 730 F.3d at 1274. The Supreme Court of Ohio, "in its discretion and in consideration of the circumstances of the particular case before it, may find that the goals furthered by the disciplinary proceedings either do or do not call for the payment of costs by a disciplined attorney." *Id.* "By making the imposition of costs discretionary, the [state entity that enacts rules governing attorney discipline] has permitted them to be used more like a sanction than like the civil litigation analogue of awarding costs to prevailing parties as a matter of course." *Id.* at 1274-75 (citing *Richmond*, 542 F.3d at 919) (footnote omitted).

Some cases hold that cost assessments in attorney disciplinary proceedings fall outside the scope of § 523(a)(7) and are discharged in bankruptcy. *See, e.g., State Bar of Cal. v. Taggart* (*In re Taggart*), 249 F.3d 987 (9th Cir. 2001), *superseded by statute*, Cal. Bus. & Prof. Code § 6086.10(e) (West 2014), *as recognized in Findley*, 593 F.3d at 1052-54; *Love*, 442 B.R. 868. Such cases largely rely on a finding that the state statute authorizing the award of costs is primarily compensatory in character. *See, e.g., Taggart*, 249 F.3d at 994; *Love*, 442 B.R. at 882 ("Cost assessments in attorney disciplinary proceedings in Tennessee are singularly intended to compensate the [Tennessee Board of

13

Professional Responsibility] for actual pecuniary loss."). *Cf. Schaffer v. La. State Bd. Of Dentistry* (*In re Schaffer*), 515 F.3d 424, 433-34 (holding that a discretionary cost assessment in a Louisiana State Board of Dentistry disciplinary action was not "a fine, penalty, or forfeiture" and constituted "compensation for actual pecuniary loss") (" It does not appear to us, looking to the language of the Louisiana statute and the Board's order, that the Board assessed costs to promote law enforcement by deterrence as well as by compensation. Rather, it assessed costs to repay some of the Boards' expenses incurred in the proceeding . . . ." (internal quotations and footnote omitted)).

Considering Ohio law and the specific circumstances of this case, the Court finds that the Supreme Court of Ohio primarily assessed costs in the debtor's case "to safeguard the courts and to protect the public." *Weaver*, 322 N.E.2d at 667. The Supreme Court of Ohio has described its assessment of costs in attorney disciplinary proceedings as a penal, monetary sanction that is nondischargeable under § 523(a)(7). *Dalton*, 924 N.E.2d at 824 (citing *In re Bertsche*, 261 B.R. 436).

Two bankruptcy courts within the Sixth Circuit have determined that cost assessments in state bar attorney disciplinary proceedings are dischargeable. *Mich. Attorney Grievance Comm'n v. Stasson* (*In re Stasson*), 472 B.R. 748

14

(Bankr. E.D. Mich. 2012); *Love*, 442 B.R. 868. Neither decision interpreted Ohio law. In *Love*, the bankruptcy court held that *mandatory* cost assessments in Tennessee's attorney disciplinary proceedings fell outside § 523(a)(7) and were dischargeable. *Love*, 442 B.R. at 882-83. Though the Court agrees with much of the *Love* bankruptcy court's analysis, persuasive decisions from other circuits and Ohio courts suggest that Ohio law mandates a different result in this case. Ohio law provides for *discretionary* cost assessments in attorney disciplinary proceedings. Ohio Gov. Bar. R. V section 8(D). Likewise, the *Stasson* bankruptcy court's decision may accurately reflect Michigan law, but the Court believes that discretionary cost assessments in Ohio's attorney disciplinary proceedings may constitute a debt "for a fine, penalty, or forfeiture" in line with the weight of decisions to consider state laws similar to Ohio law.

Accordingly, the costs assessed to the debtor constitute a "fine, penalty, or forfeiture" within the meaning of 11 U.S.C. § 523(a)(7).

### 3. *The Sixth Circuit's Decision in Hughes v. Sanders*

The *Love* and *Stasson* courts cite the Sixth Circuit's decision in *Hughes* in support of their holdings that cost assessments in attorney disciplinary proceedings are dischargeable, but the Court finds that *Hughes* is distinguishable from this case. *See Stasson*, 472 B.R. at 752-54; *Love*, 442 B.R. at 879, 882-83. In *Hughes*,

15

the Sixth Circuit held that a federal district court's default judgment for damages, litigation costs, and attorney's fees fell outside the purview of 11 U.S.C. § 523(a)(7). *Hughes*, 469 F.3d 475. The *Hughes* court found that the debt owed on the federal district court judgment was not "payable to . . . a governmental unit" because it was payable to a private party. *Hughes*, 469 F.3d at 479. The *Hughes* court also found that the debt was "compensation for actual pecuniary loss" because the debt "was a default judgment in an amount explicitly calculated to compensate Hughes for malpractice damages, litigation costs and attorney's fees." *Id.* The *Hughes* court distinguished *Kelly*, finding that "the *Kelly* Court's repeated rationale for its determination that a criminal restitution judgment is not dischargeable is the importance of shielding the states from federal interference with the states' criminal justice systems." *Id.* at 478.

*Hughes* is distinguishable from this case and other cases concerning discretionary cost assessments in attorney disciplinary proceedings. Unlike the federal district court proceeding in *Hughes*, Ohio's attorney disciplinary proceedings "are adversary proceedings of a quasi-criminal nature." *In re Ruffalo*, 390 U.S. 544, 551, 88 S. Ct. 1222 (1968) (analyzing whether the Supreme Court of Ohio deprived disbarred attorney of procedural due process). Sanctions, such as disbarment or suspension, are penalties imposed on the lawyer for the purpose

16

of protecting the public. *Id.* (citations omitted). Furthermore, the Supreme Court of Ohio intends for monetary sanctions to be penal in nature and nondischargeable in bankruptcy. *See Dalton*, 924 N.E.2d at 841.

*Hughes* is further distinguishable because the *Hughes* court addressed the dischargeability of a federal default judgment, not a state monetary sanction. Accordingly, the *Hughes* court did not address considerations of comity or deference to state law, and the *Hughes* court declined to extend *Kelly*. *See Hughes*, 469 F.3d at 478-79. State bar attorney disciplinary proceedings are entitled to deference from federal courts. *See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 433-35, 102 S. Ct. 2515 (1982). "[S]tate bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding . . . [that] implicate[s] important state interests . . . ." *Id.* at 432-34. "The traditional and primary responsibility of state courts for establishing and enforcing standards for members of their bars and the quasi-criminal nature of bar disciplinary proceedings call for exceptional deference by the federal courts." *Id.* at 438 (Brennan, J., concurring); *see id.* at 435 ("The importance of the state interest in the pending state judicial proceedings and in the federal case calls *Younger* abstention into play."); *see also Dover v. United States*, 367 Fed.Appx. 651, 654

17

(6th Cir. 2010) ("At most, *Hughes* fills a small gap in the law regarding *federal* restitution orders left by the Supreme Court decision in *Kelly* which held that *state* criminal restitution orders are not dischargeable in federal bankruptcy.") (internal citation omitted). *But cf. Love*, 442 B.R. at 882 ("In contrast to the concerns of the Supreme Court in *Kelly*, there is no history of noninterference between bankruptcy law and the costs of attorney disciplinary proceedings.").

None of the three circuit courts of appeals decisions issued after *Hughes* cited *Hughes* when determining whether discretionary costs assessments in attorney disciplinary proceedings are nondischargeable. *See Feingold*, 730 F.3d 1268; *Findley*, 593 F.3d 1048; *Richmond*, 542 F.3d 913. Accordingly, the debt to the Supreme Court of Ohio for costs assessed in connection with the Ohio's attorney disciplinary proceedings is a "fine, penalty, or forfeiture." 11 U.S.C. § 523(a)(7).

B.      *"Compensation for Actual Pecuniary Loss"*

Discretionary cost assessments in state proceedings where the primary purpose is to protect the public cannot be considered "compensation for actual pecuniary loss." *See Kelly*, 479 U.S. at 52 ("Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, . . . restitution orders imposed in such proceedings . . . are

18

not assessed 'for . . . compensation' of the victim."). In *Hollis*, the Sixth Circuit considered the dischargeability of costs assessed against a criminal defendant. 810 F.2d at 108. In *Hollis*, a state trial judge, using discretion afforded under state law, assessed the costs of a criminal proceeding against the criminal defendant. *Id.* at 107. The state trial judge made payment of such costs a condition of the defendant's probation. *Id.* The defendant filed for bankruptcy and argued the bankruptcy discharged any obligation to pay costs. *Id.* The bankruptcy court and district court found the costs were discharged. *Id.* The Sixth Circuit reversed. *Id.* at 108-09. The *Hollis* court recognized that "[t]he [trial judge's] assessment of costs against [the defendant] clearly was intended, at least in part, to compensate the State for the expense it had incurred in prosecuting [the defendant] in state criminal court." *Id.* at 108. Despite that fact, the *Hollis* court held that the assessment of costs did not constitute "compensation for actual pecuniary loss." *Id.*

The *Hollis* court quoted *Kelly* for the proposition that " '§ 523(a)(7) preserves from discharge *any* condition a state criminal court imposes as part of a criminal sentence.' " *Id.* (quoting *Kelly*, 479 U.S. at 50). Accordingly, the *Hollis* court held "that the Supreme Court's unequivocal holding in *Kelly* requires us to find that the criminal court's assessment of costs against [the defendant] does not

19

constitute a dischargeable debt." *Id.* If *Kelly*'s rationale, which looked to the goals of the criminal justice system, applies to state bar attorney disciplinary proceedings, discretionary cost assessments in state bar attorney disciplinary proceedings are not "compensation for actual pecuniary loss" within the meaning of § 523(a)(7). *See Kelly*, 479 U.S. at 50-53.

Whether cost assessments constitute compensation for actual pecuniary loss depends on context, including the nature of the proceeding and the manner in which costs are assessed. *See Hollis*, 810 F.2d at 108. Cost assessments may look like compensation. *See id.* Cost assessments may be "intended, at least in part, to compensate." *Id.* The *Hollis* court recognized, however, that cost assessments are not necessarily "compensation for actual pecuniary loss[.]" *Id. Cf. United States v. WRW Corp.*, 986 F.2d 138, 145 (6th Cir. 1993) ("We conclude that the penalty at issue is not compensation for actual pecuniary loss even though it is rationally related to the goal of making the Government whole by roughly compensating it for prosecutorial and investigative expenses. Concededly, this is a fine distinction.").

Ohio's attorney disciplinary proceedings are state-run, quasi-criminal adversary proceedings whose primary goals are to safeguard the courts and protect the public. *Ruffalo*, 390 U.S. at 551; *Bertsche*, 261 B.R. at 438; *Weaver*,

20

322 N.E.2d at 667.  Like the cost assessment in *Hollis*, cost assessments in Ohio's attorney disciplinary proceedings arise out of a "system [that] operates primarily for the benefit of society as a whole and serves to fulfill the penal goals of the State."  *Hollis*, 810 F.2d at 108 (citing *Kelly*, at 52); *Weaver*, 322 N.E.2d at 667. Cost assessments in Ohio's attorney disciplinary proceedings are discretionary and do "not arise out of a contractual, statutory, or common law duty, but rather [are] based on a State's traditional penal obligations and goals."  *Hollis*, 810 F.2d at 108; *Weaver*, 322 N.E.2d at 667.  Accordingly, cost assessments in Ohio's attorney disciplinary proceedings do not constitute "compensation for actual pecuniary loss."  11 U.S.C. § 523(a)(7).

CONCLUSION

For the reasons stated above, the Court finds that the debt to the Supreme Court of Ohio for costs assessed in *Cleveland Bar Ass'n v. Mitchell*, 886 N.E.2d 222, is nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

IT IS SO ORDERED.